**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TY'RONE DE'SHAWN LETT,

    Movant,

v.

                                      Case No. 8:26-cv-1480-WFJ-SPF
                                Crim. Case No. 8:24-cr-256-WFJ-SPF-3

UNITED STATES OF AMERICA,

    Respondent.

_____/

**<u>ORDER</u>**

Ty'Rone De'Shawn Lett is a federal prisoner serving a 90-month sentence for conspiracy to commit Hobbs Act robbery and using, carrying, and brandishing a firearm during a crime of violence. He moves to vacate his plea-based convictions under 28 U.S.C. § 2255, raising three grounds for relief. (Civ. Doc. 1). In Ground Two, Mr. Lett alleges that trial counsel was ineffective for "fail[ing] to file a notice of appeal at [his] request." (Civ. Doc. 1-1 at 2). According to Mr. Lett's sworn affidavit, he asked counsel "on more than one occasion" during sentencing to file a notice of appeal on his behalf. (*Id.* at 10-11). Mr. Lett asserts that counsel mistakenly told him "not to worry about filing an appeal, because [he] would have a year to file a Notice of Appeal." (*Id.* at 11). In short, Mr. Lett claims that "even though [he] asked [counsel] to file a Notice of Appeal," counsel "refused to do so, thus denying [him his] constitutional right to appeal." (*Id.*)

"[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal, with no need for a further showing of his claims' merit, regardless of whether the defendant has signed an appeal waiver." *Garza v. Idaho*, 586 U.S. 232, 243-44 (2019) (internal quotation marks and citation omitted).

An evidentiary hearing would be necessary for this Court to make a credibility determination as to whether Mr. Lett either expressly directed his counsel to appeal, or reasonably demonstrated an interest in appealing such that he would have appealed given adequate consultation. To conduct an evidentiary hearing, an incarcerated defendant must be brought to a hearing at considerable expense to the United States Marshal, to the United States Attorney, either to the Federal Defender or to private counsel appointed under the Criminal Justice Act, and to the judiciary. The interest of judicial economy is best served by granting the § 2255 motion, but only to the extent that Mr. Lett will be afforded an out-of-time appeal with the assistance of appointed counsel in accord with *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000):

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).

Accordingly, Mr. Lett's § 2255 motion (Civ. Doc. 1) is **GRANTED in part** as to Ground Two, the claim that counsel was ineffective for failing to file a notice of appeal. Mr. Lett's remaining claims are **DISMISSED without prejudice**. *See McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002) ("[T]he best approach is to dismiss without prejudice or hold in abeyance the resolution of remaining collateral claims pending the direct appeal.").

The Clerk is directed to enter judgment in this civil action for Mr. Lett on Ground Two, to **CLOSE** this civil action, and to docket this order in the criminal action. This matter is **REFERRED** to the United States Magistrate Judge, who must appoint counsel in the criminal action for the purpose of appealing. After counsel files an appearance, the Court will re-impose sentence and enter a new judgment, and the newly appointed counsel must timely appeal. Mr. Lett's motion to appoint counsel (Civ. Doc. 2) is **GRANTED** solely to the extent that counsel will be appointed as set forth above. All further proceedings will occur in the criminal action.

**DONE** and **ORDERED** in Tampa, Florida, on May 18, 2026.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE